UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JENNIFER DAWN ROAHRIG,

    Plaintiff,

    v.   CAUSE NO. 3:21-CV-270-RLM-MGG

JEFF SIEGAL, et al.,

    Defendants.

OPINION AND ORDER

Jennifer Dawn Roahrig, a prisoner without a lawyer, filed a complaint about an attack that happened in 2019 while she was serving a sentence at the Elkhart County Jail. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). 28 U.S.C. § 1915A.

Ms. Roahrig alleges that on October 8, 2019, she was attacked by a bunkmate, Diannah Bradford. Ms. Roahrig describes how she was pulled off her top bunk and remembers being punched, kicked, and stomped on her head. She alleges other inmates were hitting the emergency call buttons, but no one came. After about ten minutes, Ms. Roahrig says she was able to escape to the day room. But, she says, her

USDC IN/ND case 3:21-cv-00270-RLM-MGG document 9 filed 11/02/21 page 2 of 6

attacker followed her and continued beating her for another twenty minutes until she could lock herself in another cell, away from her attacker. Ms. Roahrig alleges that the attack left her with a broken nose, black eyes, a concussion, and ongoing jaw and ear problems. She says she was taken by ambulance to the hospital for treatment, and she still suffers lingering symptoms from the attack, almost two years later. Ms. Roahrig filed suit because she believes her rights were violated when no jail staff responded during the attack, and she wants the defendants to pay her medical expenses.

Ms. Roahrig was a convicted prisoner serving her sentence when these events occurred. *See* State v. Roahrig, 20D05-1901-F6-000038 (Elkhart Super. Ct. Court filed Jan. 9, 2019), docket sheet available at mycase.in.gov. Therefore, her claims are analyzed under the Eighth Amendment. Under the Eighth Amendment, correctional officials have a constitutional duty to protect inmates from violence. Grieveson v. Anderson, 538 F.3d 763, 777 (7th Cir. 2008). But "prisons are dangerous places. Inmates get there by violent acts, and many prisoners have a propensity to commit more", *id.*, and a failure to protect claim can't be based "merely on knowledge of general risks of violence in a detention facility." Brown v. Budz, 398 F.3d 904, 913 (7th Cir. 2005). Instead, the plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." Santiago v. Wells, 599 F.3d 749, 756 (7th Cir. 2010).

2

Ms. Roahrig doesn't allege any jail staff had advance warning of the attack. Instead, she seeks to hold them responsible for not responding during the attack. Once an offender is under an attack, an officer can't just stand by and do nothing. *See* Schillinger v. Kiley, 954 F.3d 990, 994-995 (7th Cir. 2020); *see also* Borello v. Allison, 446 F.3d 742, 748-749 (7th Cir. 2006) (noting Eighth Amendment violation can occur where prison official "did not respond to actual violence between inmates"). On the other hand, "correctional officers who are present during a violent altercation between prisoners are not deliberately indifferent if they intervene with a due regard for their safety: A prison guard, acting alone, is not required to take the unreasonable risk of attempting to break up a fight between two inmates when the circumstances make it clear that such action would put her in significant jeopardy." Shields v. Dart, 664 F.3d 178, 181 (7th Cir. 2011) (quotation marks omitted). At the pleading stage, Ms. Roahrig has plausibly alleged that a jail official was deliberately indifferent to the attack on her by failing to respond to the emergency call button. Even so, the complaint doesn't identify a defendant who could be held responsible.

To state a claim under 42 U.S.C. § 1983, a complaint must plausibly allege a defendant's personal involvement in the alleged constitutional violation. *See* Colbert v. City of Chicago, 851 F.3d 649, 657 (7th Cir. 2017). There is no general respondeat superior liability under § 1983, which means that an individual can't be held liable simply because employees they supervise violated a person's constitutional rights. Burks v. Raemisch, 555 F.3d 592, 596 (7th Cir. 2009). Ms. Roahrig names as defendants the Elkhart County Sheriff, who oversees the jail; Mickey Brackett, the

shift supervisor; and the "jail staff on Mickey Brackett's crew." ECF 1 at 1. The complaint doesn't identify who was responsible for monitoring and responding to emergency calls from inmates or detail how the emergency call system worked. *See, e.g.,* Velez v. Johnson, 395 F.3d 732, 736 (7th Cir. 2005) (inmate stated claim of deliberate indifference against deputy sheriff who received emergency call from inmate but did not investigate). She can't hold the sheriff, the shift supervisor, and all the jail staff on her unit responsible for an unknown staff member's individual actions.

It's unlikely that Ms. Roahrig will be able to identify the responsible jail official on her own, and the case can't proceed without a proper defendant. In this situation, the court can require a high-ranking official to assist in identifying an unnamed defendant. *See* Antonelli v. Sheahan, 81 F.3d 1422, 1428 (7th Cir. 1996). The court will order Sheriff Jeff Siegal to identify the unknown officer(s) based on the information available in the complaint. After Sheriff Siegal does so to the extent he is able, Ms. Roahrig must file an amended complaint on the court's **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form. She must name the identified officer or officers as defendants and set out all of her claims against them. Then the court will screen the amended complaint as required by 28 U.S.C. § 1915A.

Ms. Roahrig's allegations the rest of the complaint don't state a claim on which relief can be granted, even with a proper defendant. She alleges that jail staff didn't follow proper protocol and take incident reports after the attack. She also complains that no charges were ever filed against her attacker, who was allowed to bond out of

4

jail two days after the attack. Once the alleged constitutional violation has ended, Ms. Roahrig has no right for the violation to be investigated. *See* Daniel v. Cook Cnty., 833 F.3d 728, 736 (7th Cir. 2016) (noting the constitutional requirement for inmates to be adequately cared for does not include the right to a grievance process to complain about deficient care). Nor does she have a constitutional right to have her attacker arrested or punished. *See* Town of Castle Rock v. Gonzales, 545 U.S. 748, 768 (2005). These additional claims don't belong in this lawsuit.

For these reasons, the court:

(1) ORDERS Sheriff Jeff Siegal in his official capacity to file a report by **December 2, 2021,** identifying (to the greatest extent possible) the names of the unknown officer(s) described in the complaint who were responsible for monitoring the emergency calls on Ms. Roahrig's unit during the relevant time on October 8, 2019, or who were otherwise aware that Ms. Roahrig was being attacked by Diannah Bradford on October 8, 2019;

(2) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Sheriff Jeff Siegal **NOT** to file an answer to the complaint;

(3) DISMISSES Mickey Bracket and Elkhart County Jail Staff on Mickey Bracketts Crew;

(4) DIRECTS the clerk to place this cause number on a blank **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form and send it to Jennifer Dawn Roahrig;

5

6

(5) GRANTS Jennifer Dawn Roahrig until **January 6, 2022**, to file an amended complaint on that form naming her defendant(s) and including every claim she is presenting in this case; and

(6) CAUTIONS Jennifer Dawn Roahrig if she does not respond by the deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim.

SO ORDERED on November 2, 2021

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT