UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JENNIFER DAWN ROAHRIG,

    Plaintiff,

          v.                    CAUSE NO. 3:21-CV-270-RLM-MGG

ZACKARY NOVAK,

    Defendant.

OPINION AND ORDER

Jennifer Dawn Roahrig, a prisoner without a lawyer, filed an amended complaint alleging Zackary Novak was deliberately indifferent by not responding to emergency calls while she was attacked for thirty minutes at the Elkhart County Jail. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Ms. Roahrig alleges that a bunkmate (Diannah Bradford) attacked her on October 8, 2019. She alleges other inmates were repeatedly hitting the emergency call buttons, but no one responded. She alleges she escaped from her cell when the door was unlocked after about ten minutes. She alleges she hit an emergency call

button and got no response. Her attacker followed and continued beating her for another twenty minutes while other inmates repeatedly hit the emergency call buttons. With still no response, she escaped into another cell. Others continued to hit the emergency call buttons, but the only response was to unlock the door of the cell in which she was sheltering. The complaint alleges that Zackary Novak was monitoring the emergency call system but did nothing to protect her from attack. These allegations state a claim against Mr. Taylor for a violation of the Eighth Amendment. *See* Velez v. Johnson, 395 F.3d 732, 736 (7th Cir. 2005) (inmate stated claim of deliberate indifference against deputy sheriff who received emergency call from inmate but did not investigate).

  Ms. Roahrig was a convicted prisoner serving her sentence when these events occurred. Under the Eighth Amendment, correctional officials have a constitutional duty to protect inmates from violence. Grieveson v. Anderson, 538 F.3d 763, 777 (7th Cir. 2008). To state a claim, a plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." Santiago v. Wells, 599 F.3d 749, 756 (7th Cir. 2010). An officer generally cannot just stand by and do nothing when an offender is under attack. *See* Schillinger v. Kiley, 954 F.3d 990, 994-995 (7th Cir. 2020); *see also* Borello v. Allison, 446 F.3d 742, 748-49 (7th Cir. 2006) (noting Eighth Amendment violation can occur where prison official "did not respond to actual violence between inmates"). On the other hand, "correctional officers who are present during a violent altercation between prisoners

2

are not deliberately indifferent if they intervene with a due regard for their safety: A prison guard, acting alone, is not required to take the unreasonable risk of attempting to break up a fight between two inmates when the circumstances make it clear that such action would put her in significant jeopardy." Shields v. Dart, 664 F.3d 178, 181 (7th Cir. 2011) (quotation marks omitted).

The complaint names two other defendants, but doesn't state a claim against either. The complaint names Elkhart County Jail Staff as a defendant, but "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff."). Wudtke v. Davel, 128 F.3d 1057, 1060 (7th Cir. 1997). The complaint names Katherine Norment, but the only mention of her is where Ms. Roahrig writes, "I do not recall a Katherine." ECF 14 at ¶ 5. Not remembering a person is not a basis for suing her.

For these reasons, the court:

(1) GRANTS Jennifer Dawn Roahrig leave to proceed against Zackary Novak in his individual capacity for compensatory and punitive damages for not responding to repeated emergency calls for thirty minutes while she was attacked by a fellow inmate in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Elkhart County Jail Staff and Katherine Norment;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means

3

to locate and serve process on) Zackary Novak at the Elkhart County Jail, with a copy of this order and the amended complaint (ECF 14);

(5) ORDERS the Elkhart County Sheriff to provide the full name, date of birth, and last known home address of any defendant who does not waive service if he has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Zackary Novak to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on April 11, 2022

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT